IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02160–CMA–KMT

LAURA MORRIS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## **ORDER**

This matter is before the court on "Well's [sic] Fargo's Motion to Strike Plaintiff's Expert Witness Disclosures" (Doc. No. 37, filed Apr. 15, 2010 [hereinafter "Mot."].) Plaintiff filed her Response on May 10, 2010. (Doc. No. 41, [hereinafter "Resp."].) Defendant filed its Reply on May 26, 2010. (Doc. No. 43.) The Motion is now ripe for the court's review and ruling.

In its Motion, Defendant seeks to strike Plaintiff's disclosures of two expert witnesses—Dr. Lloyd L. Strode and Ms. Mary Heintz—because, by failing to provide a written expert report from either witness, Plaintiff failed to fulfill the requirements of Fed. R. Civ. P. 26(a)(2) for properly disclosing expert witnesses. Plaintiff objects to Defendant's Motion and maintains that Dr. Lloyd and Ms. Heintz were not required to provide expert reports under Fed.

R. Civ. P. 26(a)(2)(B) because "they were not employed or specially retained to provide expert testimony." (Resp. at 4.)

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Federal Rule 26(a)(2)(B) goes on to outline when a written report is required of an expert witnesses.

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—*if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.*

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The Tenth Circuit has construed the language emphasized above to mean that some expert witnesses are not required to file written reports. *Watson v. United States,* 485 F.3d 1100, 1107 (10th Cir. 2007). More specifically, in *Watson,* the Tenth Circuit concluded that a physician employed by the defendant who did not regularly give expert testimony was not required to file an expert report. *Id.* The Court acknowledged that the report requirement has provided efficient and full disclosure of expert opinions in most cases, but also pointed out that the rulemakers were likely concerned that requiring reports may be unduly burdensome in some cases, such as where "resources [] might be diverted from patient care if treating physicians were required to issue expert reports as a precondition to testifying." *Id.* Altogether, the court concluded that the plain language of Rule 26(a)(2)(B) clearly contemplates that some that experts are not required to submit an expert report and, as such, any other approach must be

implemented "through the mechanisms approved by Congress." *Id.* (citing 28 U.S.C. §§ 2071–74).

The comments to Rule 26(a)(2)(B) explicitly states that a "treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Cmt. to Fed. R. Civ. P. 26(a)(2)(B) (1993 Amend.). Thus, in general, treating physicians do not come within the purview of the report requirement. *Trejo v. Franklin,* No. 04–cv–02523–REB–MJW, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007).

However, this principal does not wholly "immunize a treating physician from the requirement of providing a written report in conformity with Rule 26(a)(2)(B) in all circumstances." *Id.* The treating physician exemption from the report requirement may be invoked for a physician's "'testimony [] based upon their personal knowledge of the treatment of the patient'" and "opinions regarding causation and prognosis based on examination and treatment of the patient." *Id.* (quoting *Baker v. Taco Bell Corp.,* 163 F.R.D. 348, 349 (D. Colo. 1995). However, "[w]hen a treating physician intends to offer expert testimony not based on his personal observations made during treatment of the patient, *a written report is required*." *Id.* (citing *Washington v. Arapahoe County Dept. of Soc. Serv.,* 197 F.R.D. 439, 442 (D. Colo. 2000)) (emphasis added); *see also Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 871 (6th Cir. 2007) (distinguishing cases where a treating physician's opinion was rendered "in anticipation of litigation[,]" and thus would require an expert report, from the general proposition that treating physicians are not required to produce a report). Thus, the exemption of treating physicians from the report requirement is not wholesale and formalistic based simply on the status of an

expert witness as a treating physician, but instead is functionally based on the scope of the treating physician's proposed testimony. *See Trejo,* 2007 WL 2221433, at *1 (quoting *Wreath v. United States,* 161 F.R.D. 448, 450 (D. Kan. 1995)).

Thus, it is clear that some showing must be made to distinguish an expert witness not required to provide a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report. The remaining question is which party bears the burden of establishing that a treating physician or similarly situated expert witness is not required to provide a report.

At least one district court in this circuit has concluded that the initial burden should be on "'the moving party . . . to show valid grounds for striking the designation of [an] expert witness.'" *Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.,* No. 05–2401, 2006 WL 3192544, at *3 (D. Kan. Nov. 2, 2006) (citing *Marek v. Moore,* 171 F.R.D. 298, 302 (D. Kan. 1997)). This may include demonstrating that a witness designated under Rule 26(a)(2)(A) has failed to produce the written report typically required of an expert witness. *Id.*

Thereafter, the *Cinergy* court concluded that the burden should shift to the designating party to produce some evidence "demonstrat[ing] that its designated expert is not one 'retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)); *see also Fielden,* 482 F.3d at 869 (holding that a treating physician was not retained for purposes of providing expert testimony because "there is *evidence* that [the treating physician] formed his opinions as to causation at the time he treated [the plaintiff]") (emphasis added). The *Cinergy*

4

court found that the party designating the expert should bear this latter burden "because it is more likely to possess the information necessary to establish the status of the witness." 2006 WL 3192544, at *3. The court finds this burden-shifting scheme persuasive and adopts it herein.

Turning then to the present case, the court finds that Defendant has met its initial burden of showing a valid basis for striking Plaintiff's designation of Dr. Strode and Ms. Heintz based on Plaintiff's failure to produce the expert reports ordinarily required by Rule 26(a)(2)(B). Thus, the burden shifts to Plaintiff to set forth some evidence as to why Dr. Strode and Ms. Heintz are exempt from the reporting requirement.

The court finds that Plaintiff has not sufficiently demonstrated that Dr. Strode and Ms. Heintz are exempted from the report requirement of Rule 26(a)(2)(B). Plaintiff has not set forth any evidence in her Response that would suggest that these witnesses are Plaintiff's treating physicians or that they were not retained to provide expert testimony in this case. Rather, Plaintiff only vaguely maintains, without any supporting evidence, that Dr. Strode and Ms. Heintz were Plaintiff's treating physicians and were not retained by Plaintiff to provide expert testimony. Moreover, the court notes that, by contending that a treating doctor can give expert testimony without an expert report "regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation" (Resp. at 3–4), Plaintiff appears to circumvent the holding of *Trejo* and other similar cases. Thus altogether, without some evidence as to the relationships of Dr. Strode and Ms. Heintz to Plaintiff and to this case, and without some detail as to the nature of their proposed testimony, the court finds that Plaintiff has failed to

fulfill her burden of demonstrating that these witnesses are exempt from Rule 26(a)(2)(B)'s report requirement.

However, rather than striking Plaintiff's expert designations, the court is further persuaded by the relief afforded in *Cinergy* and, as such, will require Plaintiff to serve revised expert designations. 2006 WL 3192544, at *3–4 (electing to require the defendant to serve revised expert reports rather than striking the defendant's expert designations). The court finds that Defendant will not be prejudiced as the court recently granted its "Motion to Amend the Scheduling Order" (Doc. No. 45) to extend the discovery cut-off to July 20, 2010 for purposes of deposing Dr. Strode and Ms. Heinz. (*See* Minute Order, Doc. No. 47, entered June 16, 2010.) Therefore, if Plaintiff intends to call Dr. Strode and Ms. Heintz to give testimony pursuant to Fed. R. Evid. 702, 703, or 705, Plaintiff shall provide for each witness either (1) the report required by Fed. R. Civ. P. 26(a)(2)(B), or (2) an affidavit certifying that the witnesses are treating physicians, or a similarly situated witness, and that they have not been retained or specially employed by Plaintiff to provide expert testimony. The court further notes—although it does not decide the issue here—that if Plaintiff chooses the latter course, absent some justification not presently before the court, the testimony of Dr. Strode and Ms. Heintz may likely be limited in a manner consistent with *Trejo* and other similar cases, as outlined above. Plaintiff shall serve her revised expert designations, along with the required reports or affidavits for each expert witness Plaintiff continues to designate, within twenty-one (21) days of the date of this Order.

**WHEREFORE**, it is **ORDERED**

"Well's [sic] Fargo's Motion to Strike Plaintiff's Expert Witness Disclosures" (Doc. No. 37) is **DENIED**. Plaintiff shall serve revised expert designations, along with the required reports or affidavits for each expert witness Plaintiff continues to designate, within twenty-one (21) days of the date of this Order.

Dated this 17th day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge